UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONSTELLATION BRANDS U.S. OPERATIONS, INC.**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**THE VINEYARD HOUSE, LLC**,<br><br>　　　　Defendant. | Case No.  4:20-cv-00238-YGR<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 4, 5, 16 |

On February 20, 2020, the Court heard oral argument on plaintiff Constellation Brands U.S. Operations, Inc.'s ("Constellation") motion for preliminary injunction, which was fully briefed by the parties. (*See* Dkt. Nos. 5, 18, 20.) For the extensive reasons stated on the record, and confirmed and stated herein, having carefully considered the briefing and arguments submitted in this matter, the Court **GRANTS** Constellation's motion for a preliminary injunction.[1]

In order to determine whether a preliminary injunction should issue, the moving party must establish that: (i) it is likely to succeed on the merits; (ii) it is likely to suffer irreparable harm in the absence of preliminary relief; (iii) the balance of equities tips in its favor; and (iv) an injunction is in the public interest. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).  The plaintiff must make a threshold showing of likelihood of success on the merits and irreparable harm, but a stronger showing on one element may offset a weaker showing on another. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32, 1135 (9th Cir. 2011).  "It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits." *Tanner Motor Livery, Limited v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963).

---

[1] Both Constellation and defendant The Vineyard House, LLC ("TVH") seek to file under seal materials that contain confidential, private, trade secret, and sensitive business information, including financial information. (Dkt. Nos. 4, 16.)  Having reviewed the materials, the administrative motions seeking to file such information under seal are **GRANTED** for the purposes of this motion.

Here, as discussed at the oral argument, the Court finds that Constellation has demonstrated a likelihood of success on the merits, that the balance of equities tilt *sharply* in favor of Constellation in granting the preliminary injunction, and that the issuance of the preliminary injunction is in the public interest. Based on the record, the Court finds that Constellation has made a showing, albeit weaker, of irreparable harm in the absence of a preliminary injunction. However, in light of Constellation's stronger showing on the other factors, *see Alliance for Wild Rockies*, 632 F.2d at 1131-32, the factors weigh in favor of issuing the preliminary injunction.

Accordingly, Constellation's motion for a preliminary injunction is **GRANTED**. Thus, it is **ORDERED**, **ADJUDGED**, and **DECREED** that, pending trial, TVH is preliminarily enjoined from the following acts:

(1) Importing, selling, distributing, advertising or otherwise using the name "TO KALON" or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of thereof, in conjunction with wines; and

(2) Inducing, encouraging, instigating, aiding, abetting, or contributing to any of the aforesaid acts.

And, in light of the parties' agreement at the oral argument, the Court determines that no security bond is necessary as contemplated under Fed. R. Civ. P. 65(c). *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) ("The district court is afforded wide discretion in setting the amount of the bond . . . and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction.").

This preliminary injunction shall continue and remain in effect through trial and the final disposition of this case and the related case, *The Vineyard House, LLC v. Constellation Brands U.S. Operations, Inc.*, 4:19-cv-01424-YGR (N.D. Cal.).

This Order terminates Docket Numbers 4, 16, 45.

**IT IS SO ORDERED.**

Dated: February 21, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**