AO 120 (Rev. 08/10) (CAND version 7/18)

REPORT ON THE FILING OR DETERMINATION OF AN
ACTION REGARDING A PATENT OR TRADEMARK

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court for the Northern District of California on the following . . .

☒ Trademarks or      ☐ Patents.      (☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| 4:20-cv-00238-DMR | 01/10/2020 | Northern District of California |

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| Constellation Brands U.S. Operations, Inc. | | The Vineyard House, LLC |

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | See Attached Complaint |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above – entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | See Attached Complaint |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above – entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| Administrativley closed and consolidated with 4:19-cv-01424-YGR |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| Susan Y. Soong | | 02/26/2020 |

**E-filing instructions:  Please save and e-file in CM/ECF under
Other Filings > Other Documents > Patent/Trademark Report.**

Timothy J. Carlstedt (tcarlstedt@huntonak.com)
HUNTON ANDREWS KURTH LLP
50 California Street, Suite 1700
San Francisco, CA 94111
Tel.: (415) 975-3700
Fax: (415) 975-3701

Edward T. Colbert (eolbert@huntonak.com)
William M. Merone (*Pro Hac Vice*) (wmerone@huntonak.com)
Erik C. Kane (*Pro Hac Vice*) (ekane@huntonak.com)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tel.: (202) 955-1500
Fax: (202) 778-2201

*Counsel for Constellation Brands U.S. Operations, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSTELLATION BRANDS U.S. OPERATIONS, INC., a New York corporation, <br><br>     *Plaintiff*, <br><br> v. <br><br> THE VINEYARD HOUSE, LLC, a California limited liability company, <br><br>     *Defendant*. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> **(1) FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114** <br> **(2) FEDERAL UNFAIR COMPETITION** <br> **(3) FEDERAL FALSE ADVERTISING** <br> **(4) COMMON LAW TRADEMARK INFRINGEMENT** <br> **(5) COMMON LAW UNFAIR COMPEITTION** <br> **(6) STATUTORY UNFAIR COMPETITION** |

Plaintiff, Constellation Brands U.S. Operations, Inc. ("Constellation"), by and through its counsel, Hunton Andrews Kurth LLP, for its Complaint against Defendant, The Vineyard House, LLC ("TVH" or "Defendant"), alleges upon knowledge as to its own acts and upon information and belief as to the acts of others as follows:

Original Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NATURE OF ACTION

1.      Constellation is the owner of the famous TO KALON® and TO KALON VINEYARD® trademarks (collectively, the "TO KALON Marks") in connection with the manufacture, promotion, and sale of wine. This action is based on TVH's unauthorized use of the TO KALON Marks in connection with TVH's wine.

2.      For more than three decades, Constellation, and its predecessor(s)-in-interest, have owned the exclusive rights in and to its TO KALON Marks, and have used these Marks in connection with a premium line of wines sold under  Robert Mondavi Winery.

3.      Constellation's ownership of the TO KALON Marks is a matter of public record, as evidenced in part by its "incontestable" U.S. Trademark Registration Nos. 1,489,619 and 1,857,851.

4.      Constellation has very recently learned that TVH has begun to sell and ship wine bearing the TO KALON Marks, which unauthorized use will create an association between Constellation and Constellation's TO KALON Marks and wine, on the one hand, and TVH and TVH's wine, on the other hand.

5.      To ameliorate the harm of  TVH's unlawful activities, Constellation brings this lawsuit against TVH for: (i) federal trademark infringement in violation of 15 U.S.C. § 1114; (ii) federal false association, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a); (iii) federal false advertising in violation of 15 U.S.C. § 1125(b); (iv) trademark infringement under California common law; (v) unfair competition under California common law; and (vi) unfair competition under Cal. Bus. & Prof. Code §17200 et seq.

1

**THE PARTIES**

2

6.      Plaintiff Constellation Brands U.S. Operations, Inc. is a New York Corporation

3

with its principal place of business at 235 North Bloomfield Road, Canandaigua, New York

4

14424.

5

6

7.      Defendant The Vineyard House LLC is a California Limited Liability Company

7

with its principal place of business at 1581 Oakville Grade, Oakville, CA 94562.

8

**JURISDICTION AND VENUE**

9

8.      Subject matter jurisdiction over this action is conferred upon this Court by 28

10

U.S.C. §§ 1331 and 1338 in that, among other things, the matter to be litigated raises one or more

11

federal questions and concerns federal trademark law.

12

9.      The claim for trademark infringement and unfair competition under the common

13

law of California, in Counts IV-VI, *infra*, is so related to the federal claims asserted in Counts I-

14

III, *infra*, that they form part of the same case or controversy.  Therefore, this Court has subject

15

matter jurisdiction over Counts IV-VI pursuant to 28 U.S.C. §§ 1338(b) and 1367(a),

16

respectively.

17

10.      This Court has jurisdiction over TVH and venue is properly laid in the Northern

18

District of California pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving

19

rise to Claims I-VI have occurred or would cause harm in this District, TVH's principal place of

20

business is in this District, and at least some of the activity that is the subject of this action

21

occurred in this District.

22

23

24

25

26

27

28

HUNTON ANDREWS
KURTH LLP

Original Complaint                                        - 3 -

**FACTUAL BACKGROUND**

**I.    Constellation and Constellation's TO KALON Wine and Trademarks**

11.    Constellation is among the largest wine producers in the United States, and trades under the name Robert Mondavi Winery, which is among the most acclaimed wineries in the world.

12.    Founded by Robert Mondavi, who is considered by many as "The Father of California Wine," Robert Mondavi Winery sells a premium line of wines under the TO KALON Marks. *See* **Exhibit A**.

13.    Robert Mondavi Winery selected the mark TO KALON for its wine beginning in the 1980s and has since then sold wine under the trademarks TO-KALON, TO KALON, TO KALON VINEYARD, and TO-KALON WINE COMPANY (collectively, "Constellation's TO KALON Marks").

14.    At least as early as 1987, Robert Mondavi Winery adopted the name "TO KALON" as a label name and trademark.

15.    Robert Mondavi Winery is credited with instituting a number of innovations in the grape growing process in California.  Over the past five decades, Robert Mondavi Winery has customized viticultural and wine making practices to craft a distinctive style of wine for its TO KALON-branded wines that have a unique and distinctive flavor profile.

16.    Constellation expends substantial resources on making its TO KALON branded wines, and in advertising, marketing, and promoting its TO KALON wines sold under Constellation's TO KALON Marks.

17.    Constellation's TO KALON wines are considered some of the highest quality, most premium, expensive domestic wines available on the market today.  *See* **Exhibit B**.

Hunton Andrews
Kurth LLP

18.     As a result of Robert Mondavi Winery's significant investment, growing methods, and reputation as one of the finest wineries in the United States, Constellation's TO KALON Marks are strong source identifiers in the marketplace for Constellation's TO KALON brand wines and have garnered significant goodwill.

19.     Constellation's TO KALON wines have been the subject of widespread, unsolicited media coverage and consumer reviews. *See id.*

20.     Constellation has sold tens of millions of dollars' worth of TO KALON brand wine offered under and bearing the TO KALON Marks.

21.     As evidence of its ownership of the TO KALON and TO KALON VINEYARD marks, Robert Mondavi Winery was awarded the following U.S. Trademark Registrations:

| MARK | DATE OF REGISTRATION | REG. NO. | GOODS |
|------|----------------------|----------|-------|
| TO KALON | October 11, 1994 | 1,489,619 | Wine (IC 033) |
| TO KALON VINEYARD | May 24, 1988 | 1,857,851 | Wine (IC 033) |

22.     Attached hereto as **Exhibit C** is a true and correct copy of above registrations.

23.     Constellation's TO KALON Marks are arbitrary when used for Constellation's TO KALON and TO KALON VINEYARD wines.

24.     Constellation's TO KALON Marks are inherently distinctive.

25.     The '619 and '827 registrations are registered on the Principal Trademark Register.

26.     The '619 and '827 registrations are valid, subsisting, and in full force and effect.

27.     The '619 and '827 registrations are incontestable within the meaning of 15 U.S.C. § 1065 and therefore constitute conclusive proof of the validity of TO KALON and TO KALON

VINEYARD and Constellation's ownership and exclusive right to use the marks of the registrations.

28.     Constellation owns all right, title, and interest in and to the Constellation's TO KALON Marks.

29.     Constellation's TO KALON Marks are valuable assets of Constellation.

**II.     The Vineyard House**

30.     TVH is owned and managed by Jeremy Nickel, who inherited a vineyard and winery in Napa Valley.

31.     In order to increase the appearance of quality and awareness of TVH's wine and winery, and thereby to increase sales, TVH has begun to use TO KALON as a brand for its products, and thereby benefit from the goodwill that Constellation's TO KALON Marks represent.

32.     Such conduct is in keeping with Nickel's *modus operandi* of lending prestige to his own winery by falsely associating TVH with more established and more prestigious neighboring wineries, and to increase TVH's sales.

33.     For example, as a result of Nickel's purported unlawful use of its trademarks, a 2015 arbitration panel (the "Arbitration Award") enjoined Nickel "infringing or violating trademarks, trade names, or other intellectual property" belonging to neighboring wineries owned by Far Niente Wine Estates, LLC, Far Niente Winery Inc., Nickel & Nickel Vineyards, LLC, FN Cellars, LLC, and FN Land, LLC (collectively, the "FNW Wineries").  *See* **Exhibit D.**

34.     The FNW Wineries are owned by Nickel's family members.

35.     The arbitrators arrived at their decision, because "it is essentially undisputed that Jeremy fully intended to target FNW's customers by using a marketing campaign designed to imply that TVH was affiliated with FNW." *See id.*

36. The Arbitration Award was upheld in a December 29, 2017 decision of the Court of Appeal of California, *Nickel v. Far Niente Wine Estates*, LLC, No. A150513 (Cal. App. 1st Dist. Dec. 29, 2017).

37. No longer able to associate his wines with the FNW Wineries, TVH now seeks to use Constellation's TO KALON Marks in order to create a false association between TVH's winery and wines and Constellation's TO KALON Marks and wine.

## III. TVH's Infringing Activity

### A. The Related Action

38. In keeping with its pattern of seeking to use well-known third party trademarks to promote its wine, TVH filed a related action, *The Vineyard House, LLC v. Constellation Brands U.S. Operations, Inc.*, No. 4:19-cv-01424-YGR (N.D. Cal.) (the "Related Action"), seeking, *inter alia*, a declaration that because H.W. Crabb owned a portion of TVH's land upon his death that "(i) [TVH] has the right to use 'TO KALON' as a vineyard designation and otherwise to describe fairly and accurately the geographic origin of its portion of Crabb's original To Kalon property; (ii) [Constellation's] Trademark Registrations for TO KALON and TO KALON VINEYARD do not preclude [TVH] from using the term 'Tokalon' in connection with its land or wine; and (iii) [a]ny use of TO KALON by TVH be deemed a fair use under all applicable trademark laws." TVH also asked the Court to cancel Constellation's TO KALON registrations on the grounds they supposedly were procured by fraud, because Robert Mondavi Winery failed to notify the USPTO of the Greek translation for the term "TO-KALON."

39. TVH based it allegations largely on the unjustifiable claim that TO KALON could not serve as a trademark for Constellation's wine and that anyone associated with H.W. Crabb's property should be permitted to use the trademark TO KALON.

40.     TVH, however, is clearly using Constellation's TO KALON Marks as a trademark, and intends to improperly associate his wine with Robert Mondavi Winery and its famous TO KALON wines.

41.     Despite alleging to have spent much of his childhood and adult life in Oakville, California and working in the grape growing and winemaking industries, during his December 17, 2019 deposition, Nickel admitted that the first time he heard of H.W. Crabb and Crabb's TO KALON mark was in 2011, after he inherited the land on which TVH's vineyard is situated, and after hired a research firm to conduct extensive historical research on his property.

42.     In fact, upon information and belief, TVH's vineyard is not located on any land that was used by Crabb as a vineyard.  Rather, TVH is merely using the fact that its land may have been owned by Crabb—even if not used for grape growing—as an excuse to use Constellation's TO KALON Marks.

43.     Beginning in June 2018, TVH then begin attacking Constellation's TO KALON Marks by filing the following trademark applications in the United States Patent and Trademark Office for trademarks incorporating the TO KALON Marks, attesting under oath that it has the right to use the terms as trademarks (while at the same time claiming that Constellation could not use TO KALON as a trademark), each of which incorporate Constellation's mark TO KALON in its *entirety*:

| MARK | APPL. NO. | GOODS/SERVICES | APPLICANT |
|---|---|---|---|
| H.W. CRABB'S TO-KALON VALLEY | 88/009,718 | Wines (IC 033) | The Vineyard House LLC |
| H.W. CRABB'S TO-KALON VALLEY VINEYARD | 88/009,715 | Wines (IC 033) | The Vineyard House LLC |
| TO-KALON ESTATE | 88/009,713 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON FIRST GROWTH | 88/009,711 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON GRAND CRU | 88/009,709 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON HALTER | 87/945,348 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON VALLEY VINEYARD | 87/945,345 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON VALLEY | 87/945,344 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON HALTER VALLEY VINEYARD | 87/945,342 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON VINEYARD HALTER VALLEY | 87/945,337 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON VALLEY | 87/945,332 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON VINEYARD COMPANY | 87/945,330 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON 1889 | 87/945,321 | Wines (IC 033) | The Vineyard House LLC |
| TO KALON HALTER VALLEY | 87/944,973 | Wines (IC 033) | The Vineyard House LLC |
| HALTER VALLEY TO KALON VINEYARD | 87/944,970 | Wines (IC 033) | The Vineyard House LLC |
| CRABB'S HALTER TO KALON VALLEY | 87/944,926 | Wines (IC 033) | The Vineyard House LLC |

*See* **Exhibit E** ("TVH's Trademark Applications").

      **B.**      **TVH Commences use of the TO KALON Marks on Its Wines**

      44.      To avoid any counterclaim for infringement in the Related Action, TVH repeatedly stated in the Related Action that it had not commenced its use of marks incorporating Constellation's TO KALON Marks and would not do so until the Related Action had concluded.

45.     For example, in numerous responses to Constellation's Interrogatory and document requests in the Related Action, TVH stated that it had not made wines bearing "TO KALON" for sale, " but would do so once "Constellation's improper threat of litigation has been resolved including, but not limited to, designing labels and bottles using To Kalon or the Applied-For Marks."

46.     TVH's counsel also stated at a hearing on December 12, 2019, to the District Court of the Northern District of California that TVH was not selling any wine with TO KALON on its label.

47.     However, in contradiction to TVH's claims, the following week, during the December 17, 2019 deposition of Jeremy Nickel, Mr. Nickel unexpectedly announced that TVH had already begun to sell and ship wine bearing the TO KALON name prior to the December 12, 2019 hearing.

48.     During his deposition, Nickel admitted he was selling a 2015 Cabernet Sauvignon blend to consumers that featured use of "To-Kalon Vineyard" on the back label.

49.     Nickel also admitted that with the shipments of the 2015 Cabernet Sauvignon, TVH included a card insert offering for sale other wines, namely TVH's 2015 Cabernet Sauvignon (Block 8) and 2015 Cabernet Franc (Block 5) (the "Infringing Products").  The Block 8 wine also featured To-Kalon Vineyard on the back label and the Block 5 wine featured To-Kalon Vineyard on both the back label and prominently on the front label:

| TVH'S 2015 CABERNET FRANC | | |
|---|---|---|
| **FRONT LABEL** | | **BACK LABEL** |
|  |  |  |

*See* **Exhibit F**.

50.     TVH is intentionally infringing upon Constellation's TO KALON Marks to create an association between Constellation/Robert Mondavi Winery and Constellation's TO KALON Marks and TVH's wine—a connection which does not exist.

51.     Upon information and belief, prior to TVH's offer for sale and sale of the Infringing Products, TVH's wine did not include the mark "H.W. CRABB'S TO KALON VINEYARD" and/or the reference to "The To Kalon Vineyard" on its bottles.

52.     TVH adopted its confusingly similar H.W. CRABB'S TO KALON VINEYARD mark with actual knowledge of Constellation's rights in and to Constellation's TO KALON Marks.

53.     On information and belief, prior to TVH's use of Constellation's TO KALON Marks and adoption of the confusingly similar H.W. CRABB'S TO KALON VINEYARD mark, TVH's wine was not (and does not) enjoy the consumer recognition or commercial success that TVH hoped to achieve with said product.

54.     On information and belief, prior to TVH's use of Constellation's TO KALON Marks and adoption of the confusingly similar H.W. CRABB'S TO KALON VINEYARD mark, TVH was aware that Constellation's TO KALON brand wine offered under Constellation's TO KALON Marks enjoyed (and continues enjoy) extensive consumer recognition and commercial success.

55.     On information and belief, TVH used the TO KALON Marks and adopted the confusingly similar H.W. CRABB'S TO KALON VINEYARD mark ("TVH's H.W. CRABB'S TO KALON VINEYARD Mark") to trade off the extensive consumer recognition and commercial success enjoyed by Constellation's TO KALON Marks, and which TVH's wine failed (and continues failing) to achieve.

56.     Consumers receive exposure to TVH's Infringing Products through TVH, and through TVH's advertising as well as its co-marketing at its related To-Kalon Farm.

57.     TVH's Infringing Products are directed toward the same consumer as Constellation's TO KALON brand wines, namely, consumers seeking premium wines.

58.     Based on the foregoing, Constellation brings this lawsuit against TVH to correct and prevent the harm caused by TVH's use of Constellation's TO KALON Marks,  TVH's H.W. CRABB'S TO KALON VINEYARD Mark, and any confusingly similar variation thereof.

1

## CLAIMS FOR RELIEF

2

### COUNT I

3

*(Federal Trademark Infringement Under 15 U.S.C. § 1114)*

4

59.     Constellation incorporates paragraphs 1-58 above as though set forth fully herein.

5

6

60.     Constellation is the exclusive owner of all rights, title, and interest in and to Constellation's TO KALON Marks (including, without limitation, the '619 and '827 registrations).

7

8

9

61.     Constellation's rights in and to Constellation's TO KALON Marks predate any rights that TVH could claim in and to Constellation's TO KALON Marks and/or the confusingly similar TVH's H.W. CRABB'S TO KALON VINEYARD Mark.

10

11

12

62.     Constellation's TO KALON Marks are source identifiers for Constellation, because consumers associate Constellation/Robert Mondavi Winery as the exclusive source of Constellation TO KALON brand wine.

13

14

15

63.     Constellation is the indisputable senior user of Constellation's TO KALON Marks, having used the TO KALON Marks in commerce as early as 1987, long prior to any use of Constellation's TO KALON Marks and TVH's H.W. CRABB'S TO KALON VINEYARD mark by TVH.

16

17

18

19

20

64.     TVH's use of Constellation's TO KALON mark and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, in commerce to advertise, market, promote, distribute, offer for sale, and/or sell TVH's wine is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that TVH is Constellation, and/or that TVH is a licensee, authorized distributor, or affiliate of Constellation and/or Constellation's TO KALON Marks and wine, and/or that TVH, its activities, and/or its Infringing Products are authorized, endorsed, sponsored or approved by Constellation, and/or that TVH's, its activities, and/or its Infringing Products, are connected with, or are associated with Constellation,

21

22

23

24

25

26

27

28

Constellation's affiliates, including Robert Mondavi Winery, and/or Constellation's TO KALON Marks and wine, or vice versa.

65.     Upon information and belief, TVH adopted and uses Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark in furtherance of its willful, deliberate, and bad faith efforts to trade on the extensive consumer goodwill and commercial success enjoyed by Constellation's TO KALON wine offered under Constellation's TO KALON Marks for more than thirty years.

66.     Upon information and belief, TVH has made, and will continue to make, unwarranted and unlawful profits and gain from using Constellation's TO KALON Marks, to which it is not entitled in law or equity.

67.     Upon information and belief, TVH's acts and conduct complained of herein constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

68.     Constellation has suffered, and will continue to suffer, irreparable harm from TVH's use of Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, unless restrained by law.

69.     Constellation has no adequate remedy at law and will suffer irreparable injury if TVH is allowed to continue to wrongfully use Constellation's TO KALON Marks and/or any confusingly similar variations thereof.

**COUNT II**
*(Federal Unfair Competition Under 15 U.S.C. § 1125(a))*

70.     Constellation incorporates paragraphs 1-69 above as though set forth fully herein.

71.     TVH has used Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark in advertising in commerce to market, promote, distribute, offer for sale, and/or sell TVH's wine as allegedly being made from grapes grown on or is otherwise associated with Constellation's TO KALON

branded vineyard, Constellation or Constellation's products, the exclusive right to which is owned by Constellation. TVH is likely to continue such unauthorized use of Constellation TO KALON Marks and causing confusion, cause mistake, and/or deceive consumers into mistakenly believing that TVH is Constellation, and/or that TVH is a licensee, authorized distributor, or affiliate of Constellation and/or Constellation's TO KALON Marks and wine, and/or that TVH, its activities, and/or its Infringing Products are authorized, endorsed, sponsored or approved by Constellation, and/or that TVH's, its activities, and/or its Infringing Products, are connected with, or are associated with Constellation, Constellation's affiliates, including Robert Mondavi Winery, and/or Constellation's TO KALON Marks and wine, or vice versa.

72.     Upon information and belief, TVH's acts and conduct complained of herein constitute federal unfair competition in violation of 15 U.S.C. § 1125(a).

73.     Constellation has suffered, and will continue to suffer, irreparable harm from TVH's use of Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, unless restrained by law.

74.     Constellation has no adequate remedy at law and will suffer irreparable injury if TVH is allowed to continue to wrongfully use Constellation's TO KALON Marks and/or any confusingly similar variations thereof.

## COUNT III
*(Federal False Advertising Under 15 U.S.C. § 1125(b))*

75.     Constellation incorporates paragraphs 1-74 above as though set forth fully herein.

76.     TVH misrepresents the nature, characteristics, qualities, or geographic origin of its goods by falsely claiming that its wine sold under Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, were grown on the same land used by H.W. Crabb to grow grapes for Crabb's TO KALON wine.

77.     TVH has used the Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, in advertising in commerce to market, promote, distribute, offer for sale, and/or sell TVH's wine as allegedly being made from grapes grown on or is otherwise associated with the TO KALON branded vineyard, Constellation or Constellation's products, the exclusive right to which is owned by Constellation.  TVH is likely to continue such unauthorized use of the TO KALON Marks and disseminating such false advertising and cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that TVH is Constellation, and/or that TVH is a licensee, authorized distributor, or affiliate of Constellation and/or Constellation's TO KALON Marks and wine, and/or that TVH, its activities, and/or its Infringing Products are authorized, endorsed, sponsored or approved by Constellation, and/or that TVH's, its activities, and/or its Infringing Products, are connected with, or are associated with Constellation, Constellation's affiliates, including Robert Mondavi Winery, and/or Constellation's TO KALON Marks and wine, or vice versa.

78.     Upon information and belief, TVH's acts and conduct complained of herein constitute federal false advertising in violation of 15 U.S.C. § 1125(b).

79.     Constellation has suffered, and will continue to suffer, irreparable harm from TVH's use of the TO KALON Marks and/or the confusingly similar mark H.W. CRABB'S TO KALON VINEYARD mark, unless restrained by law.

80.     Constellation has no adequate remedy at law and will suffer irreparable injury if TVH is allowed to continue to wrongfully use the TO KALON Marks, TVH's H.W. CRABB'S TO KALON VINEYARD Mark, and/or any confusingly similar variations thereof.

**COUNT IV**
*(Trademark Infringement under California Common Law)*

81.  Constellation incorporates paragraphs 1-80 above as though set forth fully herein.

82.  Constellation is the exclusive owner of all rights, title, and interest in and to the TO KALON Marks, including within the State of California.

83.  Constellation's rights in and to the TO KALON Marks predate any rights that TVH could claim in and to the mark TO KALON and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark,, including within the State of California.

84.  Constellation's TO KALON Marks are source identifiers for Constellation, because consumers associate Constellation as the exclusive source of Constellation's TO KALON brand wine.

85.  Constellation is the indisputable senior user of Constellation's TO KALON Marks, having used Constellation's TO KALON Marks in commerce as early as 1987, long prior to any use by TVH of Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark,.

86.  TVH's unlicensed, unconsented and unauthorized use of Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, in commerce, including within the State of California, to advertise, market, promote, distribute, offer for sale, and/or sell TVH's wine is likely to continue causing confusion, cause mistake, and/or deceive consumers into mistakenly believing that TVH is Constellation, and/or that TVH is a licensee, authorized distributor, or affiliate of Constellation and/or Constellation's TO KALON Marks and wine, and/or that TVH, its activities, and/or its Infringing Products are authorized, endorsed, sponsored or approved by Constellation, and/or that TVH's, its activities, and/or its Infringing Products, are connected with, or are associated with

Original Complaint                        - 17 -

Constellation, Constellation's affiliates, including Robert Mondavi Winery, and/or Constellation's TO KALON Marks and wine, or vice versa.

87.     Upon information and belief, TVH adopted and uses Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, in furtherance of its willful, deliberate, and bad faith efforts to trade on the extensive consumer goodwill and commercial success enjoyed by Constellation's TO KALON wine offered under Constellation's TO KALON Marks.

88.     Upon information and belief, TVH has made, and will continue to make, unwarranted and unlawful profits and gain from using Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, to which it is not entitled in law or equity.

89.     Upon information and belief, TVH's acts and conduct complained of herein constitute trademark infringement under California common law.

90.     Constellation has suffered, and will continue to suffer, irreparable harm from TVH's use of Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, unless restrained by law.

91.     Constellation has no adequate remedy at law and will suffer irreparable injury if TVH is allowed to continue to wrongfully use the TO KALON Marks, TVH's H.W. CRABB'S TO KALON VINEYARD Mark, and/or any confusingly similar variations thereof.

## COUNT V
*(Unfair Competition under California Common Law)*

92.     Constellation incorporates paragraphs 1-91 above as though set forth fully herein.

93.     Constellation is the exclusive owner of all rights, title, and interest in and to Constellation's TO KALON Marks, including within the State of California.

94. Constellation's rights in and to Constellation's TO KALON Marks predate any rights that TVH could claim in and to TVH's H.W. CRABB'S TO KALON VINEYARD Mark , including within the State of California.

95. Constellation's TO KALON Marks are source identifiers for Constellation, because consumers associate Constellation as the exclusive source of Constellation TO KALON brand wine.

96. Constellation is the indisputable senior user of Constellation's TO KALON Marks, having used the TO KALON Marks in commerce as early as 1987, long prior to any use by TVH of Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark.

97. TVH's unlicensed, unconsented and unauthorized use of Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, in commerce, including within the State of California, to advertise, market, promote, distribute, offer for sale, and/or sell TVH's wine is likely to continue causing confusion, cause mistake, and/or deceive consumers into mistakenly believing that TVH is Constellation, and/or that TVH is a licensee, authorized distributor, or affiliate of Constellation and/or Constellation's TO KALON Marks and wine, and/or that TVH, its activities, and/or its Infringing Products are authorized, endorsed, sponsored or approved by Constellation, and/or that TVH's, its activities, and/or its Infringing Products, are connected with, or are associated with Constellation, Constellation's affiliates, including Robert Mondavi Winery, and/or Constellation's TO KALON Marks and wine, or vice versa.

98. Upon information and belief, TVH adopted and uses Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, in furtherance of its willful, deliberate, and bad faith efforts to trade on the

extensive consumer goodwill and commercial success enjoyed by Constellation's TO KALON wine offered under Constellation's TO KALON Marks.

99.     Upon information and belief, TVH has made, and will continue to make, unwarranted and unlawful profits and gain from using Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, to which it is not entitled in law or equity.

100.     Upon information and belief, TVH's acts constitute unfair competition under California common law.

101.     Constellation has suffered, and will continue to suffer, irreparable harm from TVH's use of Constellation's TO KALON Marks and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, unless restrained by law.

102.     Constellation has no adequate remedy at law and will suffer irreparable injury if TVH is allowed to continue to wrongfully use the TO KALON Marks, TVH's H.W. CRABB'S TO KALON VINEYARD Mark, and/or any confusingly similar variations thereof.

**COUNT VI**
*(Unfair Competition under Cal. Bus. & Prof. Code §17200 et seq.)*

103.     Constellation incorporates paragraphs 1-102 above as though set forth fully herein.

104.     Upon information and belief, TVH's acts as described above constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq.

105.     Constellation has suffered, and will continue to suffer injury in fact, to lose money or property, and suffer irreparable harm from TVH's use of Constellation's TO KALON Marks, and/or confusingly similar marks, including TVH's H.W. CRABB'S TO KALON VINEYARD Mark, unless restrained by law.

106.     Constellation has no adequate remedy at law and will suffer irreparable injury if TVH is allowed to continue to wrongfully use the TO KALON Marks, TVH's H.W. CRABB'S TO KALON VINEYARD Mark, and/or any confusingly similar variations thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Constellation prays for judgment against TVH as follows:

A.      A Judgment that TVH, by its actions alleged herein, has infringed both of Constellation's TO KALON Marks in violation of the U.S. Trademark Act and California law;

B.      A Judgment that TVH, by its actions alleged herein, has engaged in unfair competition in violation of the U.S. Trademark Act, California statutory law, and California common law;

C.      An Order preliminarily and permanently enjoining and restraining TVH, its owners, parents, subsidiaries, divisions, branches, affiliates, predecessors or successors-in-interest, and any entities acting or purporting to act for or on behalf of any of the foregoing, including any agents, employees, representatives, officers, directors, servants, and partners, and those persons in active concert or participation with TVH, from manufacturing, producing, publishing, distributing, supplying, licensing, using, copying, reproducing, advertising, promoting, displaying, offering for sale, selling, and/or otherwise exploiting any good or service bearing either of the TO KALON Marks, TVH's H.W. CRABB'S TO KALON VINEYARD Mark, or any other word, term, name, symbol, combination thereof, or other designation identical or confusingly similar to Constellation's TO KALON Marks;

D.      An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery and destruction of each good and service within TVH's possession, custody or control that infringes Constellation's TO KALON Marks;

E.    An Order directing TVH to remove the TO KALON Marks, TVH's H.W. CRABB'S TO KALON VINEYARD Mark, and any other colorable imitation(s) of Constellation's TO KALON Marks, from all of TVH's goods and services and premises, as well as any web sites or promotional materials, or advertisements, whether physical, electronic, printed or otherwise, under TVH's direct or indirect dominion or control or that of TVH's owners, officers, directors or persons in active concert with TVH;

F.    An Order requiring TVH expressly to abandon TVH's Trademark Applications, and any trademark applications by persons under common control with TVH or TVH's owners, directors, officers or representatives;

G.    A Declaration that TVH's acts and conduct complained of herein are "exceptional" within the meaning of 15 U.S.C. § 1117, and awarding Constellation its reasonable costs and attorneys' fees based thereon; and

H.    An Order awarding Constellation any further equitable relief as this Court deems just and equitable, including an order in equity for the disgorgement of profits.


Dated:  January 10, 2020          By: /s/ Timothy J. Carlstedt_____
                                      Timothy J. Carlstedt
                                      Edward T. Colbert
                                      William M. Merone
                                      Erik C. Kane
                                      HUNTON ANDREWS KURTH LLP
                                      2200 Pennsylvania Avenue, N.W.
                                      Washington, D.C. 20037
                                      Tel.: (202) 955-1500 / Fax: (202) 778-2201
                                      Email: ecolbert@huntonak.com
                                             wmerone@huntonak.com
                                             ekane@huntonak.com

                                      *Counsel for Plaintiff*
                                      *Constellation Brands U.S. Operations, Inc.*